UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| REGINALD BULLS, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 5:19-cv-0346-MHH-JEO |
| DEWAYNE ESTES, Warden, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

In this § 2254 habeas corpus action, *pro se* petitioner Reginald Bulls challenges the Alabama Board of Pardons and Paroles' January 30, 2018 decision to deny him parole. (Doc. 1, p. 2; Doc. 5, p. 2). Mr. Bulls is incarcerated in Limestone Correctional Facility. He is serving two terms of life imprisonment with the possibility of parole for the crimes of first degree rape and sodomy. (Doc. 5, p. 1). On January 31, 2020, the magistrate judge to whom the case was referred entered a report in which he recommended that the Court deny Mr. Bulls's habeas petition. (Doc. 11). Mr. Bulls has objected to the report. (Doc. 12).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

As the magistrate judge explained in his report, there is no constitutional right to parole. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1999); *Ellard v. Alabama Board of Pardons & Paroles*, 824 F.2d 937, 942 (11th Cir. 1987). Although the parole statutes of some states create a liberty interest in parole such that due process rights apply, Alabama is not one of those states. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991). But due process does prohibit the Alabama Board from knowingly basing a parole decision on false information. *Id.*, at 1442.

Mr. Bulls reiterates that one of the Board's reasons for denying him parole is inherently tainted (though not objectively false) because that reason -- the severity of his offense -- is immutable. (Doc. 12, p. 2). Mr. Bulls is correct that the severity

2

of his offense will not change, but that does not mean that he never will qualify for parole because, as the magistrate judge explained, severity of the offense is one of thirteen factors that each member of the Board must consider when evaluating an individual's eligibility for parole. (Doc. 5-1, p. 1; Doc. 11, p. 8). Although factor 5 – severity of offense – will not change over time, other factors are not static, and Mr. Bulls's conduct may impact Board members' findings concerning other factors. For example, Mr. Bulls may participate in rehabilitative programs while he is incarcerated so that factor 1 – refusal to participate in rehabilitative programs – may not serve as a basis for denying parole. Thus, the parole process is not inherently tainted.

Mr. Bulls asserts that the Board relied on "false information" because a Board member "altered" his ORAS score by changing the likelihood of re-offending from "high" to "moderate." (Doc. 12, pp. 2-3; *see* Doc. 5-1).[1] Mr. Bulls argues the change harmed him because "it literally conveys that Bulls will return to prison with another offense once released. This no doubt influenced the other board members to vote 'no' for Bulls' release on parole." (Doc. 12 , p. 3). The finding that Mr. Bulls is a moderate rather than a high risk to reoffend does not harm him; it helps his efforts to obtain parole. Mr. Bulls may not agree with the assessment, but the assessment

---

[1] "ORAS" stands for Ohio Risk Assessment System, which provides a basis to identify factors which may contribute to the likelihood of reoffending. *See* https://drc.ohio.gov/oras (last visited Feb. 25, 2020).

is not demonstrably false. And it is likely that board members voted "no" for Mr. Bulls's parole in part because at least one member of the Board rated Mr. Bulls a "high risk" to reoffend. (Doc. 5-1, p. 1). Mr. Bulls does not have a due process right to a particular risk assessment. That assessment is within the discretion of the members of the Board, and there can be no constitutional violation unless the assessment is based on information that Board members know is false. *See Greenholtz*, 442 U.S. at 10 (noting that parole decisions turn on "discretionary assessment[s] of a multiplicity of imponderables …."). Mr. Bulls has not demonstrated that the risks assessments in the record are based on false information.

Mr. Bulls's argument that the Board relied on false information by finding negative input from stakeholders (Doc. 12, p. 3) fares no better. Even if the Board incorrectly believed it had received negative input from a stakeholder, Mr. Bulls has not demonstrated that Board members knowingly used false information. *See Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982) (holding that a Board's unintentional use of erroneous information does not offend due process standards). Mr. Bulls's argument rests on the proposition that Alabama law did not require victims to be alerted to parole eligibility until after the Board denied him parole. (Doc. 12, pp. 3-4). The argument is faulty for two reasons. First, although Alabama law now requires notice to victims concerning probation eligibility, Mr. Bulls has not demonstrated that victims were prohibited from

4

receiving notice of parole eligibility when the Board considered Mr. Bulls's request for parole. Consequently, the Board may have received negative input from a victim or from the family member of a victim. In addition, factor 7 – the stakeholder factor – is not limited to victims. Other stakeholders, such as law enforcement officers, may have provided negative input concerning Mr. Bulls's parole elligibility. (Doc. 5-1, p. 1). Therefore, there is no due process violation with respect to factor 7.

Mr. Bulls objects to the failure of the Circuit Court of Montgomery County to permit discovery before the Circuit Court ruled on his petition for a writ of certiorari. (Doc. 12, p. 4). Mr. Bulls asserts that discovery "would have proved that the Board … was using false information again to deny parole, violating Bulls['s] due process rights because the Board Members had not completed all phases of ORAS, which simply proves that individuals were being considered for parole under false pretenses." (Doc. 12, p. 4). The state court's discovery decision is not a basis for federal habeas relief because Mr. Bulls has not demonstrated that the decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *see Slocum*, 678 F.2d at 942 (holding that an inmate does not have the right to examine his parole file). Mr. Bulls's reliance on *Garner v. Jones* is misplaced. (Doc. 12, p. 4). In that

case, the United States Supreme Court considered whether a parole board's interpretation of a new rule, which could retroactively extend the sentence of incarcerated inmates, violated the Ex Post Facto Clause. 529 U.S. at 248-49 (2000). That case does not provide a basis for habeas relief to allow Mr. Bulls to conduct discovery relating to ORAS training.

Finally, Mr. Bulls reasserts that the state judge who ruled on his petition for writ of certiorari should have recused because the judge previously had served as counsel for the Alabama Board of Pardons and Paroles. (Doc. 12, p. 4). As the magistrate judge noted, the Alabama Court of Criminal Appeals found that there was no basis for disqualification under Alabama law, and the Court of Criminal Appeals ultimately affirmed the Board's decision to deny parole in 2018. (Doc. 11, pp. 2-3). Therefore, Mr. Bulls cannot demonstrate that the state court decision is the product of bias.

For the reasons stated above, the Court overrules Mr. Bulls's objections. Consistent with the magistrate judge's recommendation, the Court denies Mr. Bulls's habeas petition. Because the petition does not present issues that are debatable among jurists of reason, the Court will not issue a certificate of appealability. If Mr. Bulls wishes to appeal, he must request a certificate of appealability from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2253(c);

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*. By separate order, the Court will dismiss this habeas proceeding.

DONE this 25th day of February, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE